<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| C.R., | : | **Civil Action No. 25-6109 (SRC)** |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| Defendant. | : | |
| | : | |
| | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff C.R. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's applications for disability insurance and supplemental security income benefits, filed March 2, 2017, alleging disability beginning January 10, 2011. Two hearings were held before ALJ Ricardy Damille (the "ALJ") on October 11, 2024 and February 7, 2025, and the ALJ issued an unfavorable decision on March 27, 2025. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final

1

decision, and Plaintiff filed this appeal.

In the decision of March 27, 2025, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform the full range of work at all exertional levels, with certain nonexertional limitations. At step four, the ALJ also found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff makes three arguments on appeal: 1) the administrative decision failed to comply with the findings and instructions of the prior district court remand order; 2) the ALJ's decision at step three is not supported by substantial evidence; and 3) at step four, the residual functional capacity ("RFC") determination is not supported by substantial evidence.

As to the first argument, that the ALJ failed to comply with the instructions contained in the prior District Court decision, 42 U.S.C. § 405(g) does not authorize this Court to enforce the conclusions of other courts in prior appeals of prior decisions of the Commissioner. This Court addressed a very similar argument in the Opinion in R.C. v. Comm'r of Soc. Sec., 2026 LX 35097, at *2-*8 (D.N.J. Feb. 18, 2026), and offered a detailed explanation in support of its rejection of the argument. The Court hereby incorporates by reference the reasoning contained in this citation. Plaintiff has cited no controlling authority in support of the proposition that this Court is authorized to enforce compliance with an opinion issued in a prior appeal. Pursuant to §

2

405(g), this Court will proceed to the judicial review of the Commissioner's decision which is before it.

As to Plaintiff's second and third arguments, they suffer from two principal defects: 1) the failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) the failure to deal with the harmless error doctrine.  As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.  The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  Id.  In such a case, "the claimant has the 'burden' of showing that an error was harmful."  Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.  At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability.  In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

As to Plaintiff's second argument, the relevant subheading of Plaintiff's brief asserts that "Plaintiff is medically equivalent to the Commissioner's Listing of impairments at paragraph 12.05B." (Pl.'s Br. at 17.)  The discussion that follows cites no evidence of record to support a finding of medical equivalency to Listing 12.05B under the medical equivalence analysis set

forth in SSR 17-2p.  Instead, Plaintiff questions the ALJ's determinations of moderate limitations in four areas of mental functioning.  Plaintiff acknowledges that Listing 12.05B(2) requires "that the evidence support either an 'extreme' limitation in one of the four broad areas of mental functioning or a 'marked' limitation in two of those broad areas."  (Pl.'s Br. at 20.)  Plaintiff cites no evidence of record to support a determination that these requirements of Listing 12.05B(2) have been met.  Plaintiff bears the burden of proof of disability at step three and has not demonstrated that the evidence of record supports a finding in her favor at step three.

As to Plaintiff's third argument, Plaintiff contends that the RFC determination is not supported by substantial evidence, and the relevant subheading in Plaintiff's brief states that the ALJ's analysis excluded the opinions of treating physicians.  (Pl.'s Br. at 26.)  The discussion which follows, however, cites no contrary evidence of record, nor does it cite any opinions of treating physicians.[1]  Moreover, the ALJ's decision provides twelve pages of detailed discussion of the evidence of record in support of the RFC determination at step four.  (Tr. 1527-1538.) The nonexertional limitations determined by the ALJ are clearly supported by the opinions of the agency reviewing physicians Drs. DeCardona and Bencivenne (Tr. Exs. 3A, 4A, 7A, 8A), consulting examiner Dr. Thomas Plahovinsak (Tr. Ex. 11F), and consulting examiner Dr. Brown (Tr. Ex. 20F.)  The Court concludes that the RFC determination at step four is supported by

---

[1] The Third Circuit has stated:

> It has been oft-noted that "Judges are not like pigs, hunting for truffles buried in the record." And this Court has frequently instructed parties that they bear the responsibility to comb the record and point the Court to the facts that support their arguments.

United States v. Claxton, 766 F.3d 280, 307, 61 V.I. 715 (3d Cir. 2014) (citations omitted). Plaintiff has failed to follow the Third Circuit's clear instructions.

4

substantial evidence.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that she was harmed by any errors.  Plaintiff has not shown that the ALJ made any material and prejudicial error and has made no demonstration of prejudice as required by Shinseki.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

        s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: May 22, 2026

5